UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BERNADINE M. LANE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:18-cv-1352-RDP |
| } | |
| BAYVIEW LOAN SERVICING LLC, et al., } | |
| } | |
| } | |
| Defendants. } | |

## **MEMORANDUM OPINION**

This case is before the court on Defendant Bayview Loan Servicing, LLC's Motion to Dismiss. (Doc. # 9). The Motion has been fully briefed (Docs. # 10, 12) and is ripe for review. After careful review, and for the reasons explained below, the court finds that Defendant's Motion to Dismiss (Doc. # 9) is due to be granted.

I. **Factual and Procedural History**

On November 28, 2000, Plaintiff Bernadine Lane borrowed $64,125 from Coats & Co., Inc. to purchase the property at 9704 Williamsburg Drive, Birmingham, Alabama 35215 (hereinafter the "Property"). (Doc. # 8 at ¶¶ 15-16). On November 29, 2000, Coats & Co., Inc. transferred the promissory note to Fleet National Bank. (*Id*. at ¶ 16). Shortly thereafter on December 4, 2000, the note was transferred to Mortgage Electronic Registration System, Inc. (MERS). (*Id*. at ¶ 17). On April 5, 2013, the promissory note was again transferred to JP Morgan Chase Bank (hereinafter "JP Morgan"). (*Id*. at ¶ 18).

Plaintiff alleges that from November 29, 2000 to April 2017, she made timely loan payments to JP Morgan, until she decided to completely pay off the remaining balance of her mortgage debt. (*Id*. at ¶ 19). Plaintiff claims that on September 12, 2017 she sent the CEO of JP

1

Morgan "an instruction letter, documents and the necessary negotiable instruments in the amount of $27,734.50 to pay off, offset, settle and close the mortgage loan with funds from [her] Treasury Offset Account." (*Id*. at ¶ 20). Plaintiff then received several notices from JP Morgan in September and October of 2017, informing her that Defendant Bayview Loan Servicing would start servicing her loan on October 2, 2017. (*Id*. at ¶ 21). On November 8, 2017, Plaintiff defaulted on her loan and allegedly received a Notice of Default and Intent to Accelerate. (*Id*.).

Plaintiff alleges that over the course of about seven months, she sent Defendant a series of documents which she insists has some legal effect. First, she sent Defendant a "CONDITIONAL ACCEPTANCE FOR VALUE (hereinafter "CAFV") for PROOF OF CLAIM pact along with presentments" on December 1, 2017. (*Id*. at ¶ 22). According to Plaintiff, this document expressed her agreement to make any necessary payments to Defendant, but only if Defendant provided her with the following:

> the necessary proof(s) of their claim as to any FRAUD ON THE CONTRACT and/or whether the mortgage contract itself may be an unconscionable contract and/or other controversies that may exist within the contract and/or FULL DISCLOSURE as to the mortgage contract (document for discovery) regarding proof of the actual accounting of what was loaned, bank money or bank credit, jurisdiction, constitutional matters, monetary conditions within the State and other various proofs of claim to support a valid lawful contract.

(*Id*.). Plaintiff states that the document gave Defendant thirty days to respond. (*Id*.).

After receiving no response, Plaintiff sent Defendant two "Notice[s] of Fault and Opportunity to Cure and Contest Acceptance" in January 2018. (*Id*. at ¶ 23-24). She alleges that due to its failure to respond, it is Defendant which "officially went into default." (*Id*. at ¶ 24). She sent Defendant a third CAFV in February 2018, along with "the Presentments for Redemption to Cure Plaintiff/Affiant's Default Payoff." (*Id*. at ¶ 25). Again, Plaintiff received no response and insists that Defendant accepted her presentments. (*Id*. at ¶ 26).

On February 3, 2018, Defendant's foreclosure attorney notified Plaintiff of Defendant's intent to foreclose. (*Id*.). Plaintiff sent a fourth CAFV to Defendant on February 8. 2018. (*Id*.). On February 23, 2018, Plaintiff sent Defendant "a Fifth Notice of Final Default, Asservation and Res Judicata, Affidavit of Certification of Non-Response and Dishonor, a Secured Party Security Agreement, Security Party Common Law Copyright Notice, and Legal Notice of Demand." (*Id*. at ¶ 28). Defendant's foreclosure attorney then informed Plaintiff that the foreclosure sale originally scheduled for March 5, 2018 was cancelled. (*Id*.). After Attorney Jahan Berns of Sirote & Permutt[1] informed Plaintiff that the foreclosure sale was rescheduled for August 2018, Plaintiff sent Defendant another CAFV. (*Id*. at ¶ 30). Nevertheless, Defendant commenced foreclosure proceedings as scheduled on August 17, 2018. (*Id.* at ¶ 32).

Plaintiff filed a Complaint in the Circuit Court of Jefferson County on August 21, 2018, and thereafter, the action was removed to this court on August 23, 2018. (Doc. # 1). Defendant filed a Motion to Dismiss on August 29, 2018 arguing that Plaintiff's Complaint did not satisfy the applicable pleading standard. (Doc. # 3). The court denied Defendant's Motion on September 6, 2018, but found that the Complaint was "utterly incomprehensible" and a classic example of shotgun pleading. (Doc. # 7).

Plaintiff filed her Amended Complaint on October 5, 2018. She asserts eight claims against Defendant: (1) Dishonor, Non Response and Default; (2) Negligence; (3) Misrepresentation and Fraud; (4) Wrongful Foreclosure; (5) Breach of the Implied Covenant of Good Faith and Fair Dealing; (6) Unjust Enrichment; (7) Void or Cancel Trustee's Deed Upon Sale; and (8) Quiet Title and Preliminary and Permanent Injunction. (Doc. # 8 at 19-28). After Defendant filed a Motion to Dismiss the Amended Complaint (Doc. # 9), Plaintiff filed a

---

[1] Although Attorney Jahan Berns is also named as a Defendant in this case, Berns was never served and thus did not participate in the briefing of Defendant Bayview's Motion to Dismiss. However, and in any event, the court's analysis would apply with equal force with respect to Defendant Berns.

document entitled "Plaintiff's Conditional Unopposed Motion for Dismissal of Complaint for Proof of Claim (Facts) of Plaintiff's Refusal to Pay and Dishonor and Defendant Timely and Proper Performance, Respond, Honor – not Default and Dishonor." (Doc. # 10).[2]

**II. Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007). Moreover, the court must liberally construe Plaintiffs' Amended Complaint because they submitted the complaint *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

---

[2] The court cannot fairly characterize this document as a response to Defendant's Motion. It addresses none the arguments raised by Defendant and, instead, lists a series of "proofs of claim" and requests for admission directed at Defendant. By failing to present the court with arguments in support of her allegations, the court is entitled to find that Plaintiff has abandoned all her claims. *See Coal. for the Abolition of Marijuana Prohibition v. City of Atlanta*, 219 F.3d 1301, 1326 (11th Cir. 2000) ("[F]ailure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned."); *see also McMaster v. United States*, 177 F.3d 936, 940–41 (11th Cir. 1999) (noting that a claim may be considered abandoned when plaintiff fails to present to the district court any argument concerning a claim originally raised in the complaint). Nevertheless, for purposes of completeness, the court evaluates the merits of Defendant's Motion and concludes that Plaintiff's claims are due to be dismissed on alternative grounds.

liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (quoting *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

## III.   Analysis

The court begins by noting that the Amended Complaint suffers from many of the same pleading deficiencies the court cautioned Plaintiff against in her original Complaint. For example, multiple counts adopt the allegations of all the preceding counts (*see* Doc. # 8 at ¶¶ 35, 40, 43, 47, 54, 59, 61, 63). Also, while the Amended Complaint, at least in its original format, names more than one Defendant, it does not specify which claims are brought against which of the "Foreclosing Defendants." Having said that, the court notes that Plaintiff has scratched out every Defendant besides Bayview Loan Servicing, LLC on the first page of her Amended

5

Complaint. (*Id*. at 1). Putting aside these concerns, most notably, the Amended Complaint is a morass of vague and conclusory statements unsupported by factual allegations.[3] As a result, Defendant seeks to dismiss all of Plaintiff's claims because they fail to state a claim for plausible relief. (Doc. # 9 at 7-8). The court agrees with Defendant and finds that all of Plaintiff's claims are due to be dismissed. For completeness, the court also analyzes each of Plaintiff's claims.

### A. Plaintiff's Claim of Dishonor, Non Response, and Default is Due to be Dismissed

Plaintiff attempts to wield the U.C.C. doctrine of dishonor against Defendant. (Doc. # 8 at ¶¶ 35-39). She alleges that by not responding to the Conditional Acceptance for Value notices (CAFVs), Defendant "entered into DISHONOR, DEFALT, ACCEPTANCE, and FULL AGREEMENT" of its fraud on the mortgage contract. (*Id*. at 20). The principle of dishonor of a negotiable instrument is codified at Ala. Code §§ 7-3-501 to 503. Generally, "a note is dishonored if the note is not paid on the day of presentment (if necessary) or on the day it becomes payable. For the concept of dishonor to apply, the party obligated to pay it, must fail to pay it." *McKay v. United States Bank, N.A.*, 2015 WL 5657110, at *3 (M.D. Ala. Sep. 24, 2015). Contrary to Plaintiff's assertion, Defendant is not the party obligated to make payments on the note—rather, it is Plaintiff who bears that burden. *See Id*. Because Plaintiff is the only party capable of dishonoring the note, the principle of dishonor does not apply to Defendant and Plaintiff's claim is due to be dismissed.

### B. Plaintiff's Negligence Claim is Not Cognizable Under Alabama Law

Plaintiff next alleges that Defendant negligently serviced her loan by failing to respond to Plaintiff's request for information in a timely manner and foreclosing on her home without legal

---

[3] Again, because Plaintiff has already been granted one opportunity to correct the shotgun pleading defects in her Complaint, the court could have dismissed the Amended Complaint with prejudice for the same failures. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Nevertheless, the court addresses each claim based on its merits.

6

standing to do so. (Doc. # 8 at ¶¶ 41-42). In response, Defendant correctly argues that negligent mortgage servicing is not a recognized claim under Alabama law. (Doc. # 9 at 9) (*see McClung v. Mort. Elec. Registration Sys.*, 2012 WL 1642209, at *8 (N.D. Ala. May 7, 2012)). A borrower cannot bring a tort claim against a mortgage servicer where the servicer's obligations arise from the mortgage and promissory note between the parties and not a duty of care owed to the public. *Blake v. Bank of America, N.A.*, 2012 WL 607976, at *4-5 (M.D. Ala. Feb. 27, 2012). Here, as in *Blake*, Plaintiff's negligence claim is premised on alleged breaches of Defendant's contractual duties deriving from the mortgage. Accordingly, Plaintiff's claim for negligent mortgage servicing is due to be dismissed.

### C. Plaintiff's Fraud Claim is Implausible and Does not Satisfy Rule 9(b)

In Count Three, Plaintiff claims that Defendant "falsely and fraudulently represented himself to be the True Holder of the Promissory and Mortgage Note." (Doc. # 8 at ¶ 44). She further insists (with no allegations of fact supporting the assertion) that Defendant is "attempting to commit FRAUD upon the court in an attempt to persuade the court that Defendant is the True Holder of the Note." (*Id*. at ¶ 45). However, Plaintiff's claim does not a state a plausible basis for relief and, in particular, fails to comply with the heightened pleading standard of Rule 9(b).

The Federal Rules of Civil Procedure require a plaintiff to plead "the circumstances constituting fraud or mistake" with particularity. Fed. R. Civ. P. 9(b). A plaintiff satisfies this requirement if his or her fraud claim presents:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

7

*Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotations omitted).

Plaintiff's Amended Complaint falls woefully short of this standard. Even accounting for Plaintiffs' *pro se* status, the Amended Complaint does not come close to pleading with particularity (1) the fraudulent representations or omissions made by Defendant, (2) the time, place, and persons responsible for the fraudulent representations or omissions, (3) the content of the fraudulent statements, (4) how they misled Plaintiffs, and (5) what Defendant obtained from the fraud. *See Brooks*, 116 F.3d at 1371. Given these pleading deficiencies, Plaintiff's fraud count is due to be dismissed.

Additionally, Plaintiff has failed to explain how she relied on Defendant's alleged misrepresentations to her detriment. Plaintiff claims that she justifiably relied on Defendant's allegedly false representation that it was the holder of the mortgage (Doc. # 8 at ¶ 45), but the Amended Complaint states no alternative course of action she would have taken absent the purported misrepresentation or what actions she allegedly took in reliance on the misrepresentation. Based on the bare allegations in the Amended Complaint, she refused and/or failed to make her loan payments regardless of Defendant's supposed misrepresentation that it was the holder of the mortgage. Consequently, Plaintiff's claim is due to be dismissed based on its implausible reliance allegation.

**D. Plaintiff's Wrongful Foreclosure Claim is Due to be Dismissed**

Plaintiff's wrongful foreclosure claim rests on her asserted belief that Defendant was not the original note holder and thus had no legal right to foreclose on her home. (*Id.* at ¶¶ 49-53). This court considered a similar issue in *Graveling v. BankUnited N.A.*, 970 F. Supp. 2d 1243 (N.D. Ala. 2013). In *Graveling*, the plaintiff argued that the foreclosure was invalid because the

foreclosing defendant "never possessed the original, 'wet-ink' Note and Mortgage." *Id*. at 1253. The court cited Ala. Code § 7-3-301 for the following proposition:

> Alabama law defines a "person entitled to enforce" an instrument as either: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, or (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 7–3–309 or 7–3–418(d). (citation omitted). Thus, "a person may be a person entitled to enforce the instrument *even though the person is not the owner of the instrument or is in wrongful possession of the instrument*."

*Id*. at 1253-54 (citing Ala. Code § 7-3-301). Based on this reasoning, Defendant did not have to be the "*lawful owner of the promissory note and Mortgage*" as Plaintiff suggests. (Doc. # 8 at ¶ 52). Plaintiff's claim derives from an inaccurate statement of the law and is therefore due to be dismissed.

Further, there is an additional and alternative ground for dismissal here. "Alabama law is crystal clear that a wrongful foreclosure action lies only where the power of sale is exercised for an improper purpose." *Wallace v. SunTrust Mortg., Inc.*, 974 F. Supp. 2d 1358, 1363 (S.D. Ala. 2013) (quoting *Selman v. CitiMortgage, Inc.,* 2013 WL 838193 (S.D. Ala. March 5, 2013)). "[I]f an action by a mortgagee was *for the purpose of securing the debt owed by the mortgagor,* while it may be wrong for other reasons, it cannot, unless some other malady exists, be wrongful foreclosure." *In re Sharpe*, 391 B.R. 117, 153 (Bankr. N.D. Ala. 2008) (emphasis in original). Here, Plaintiff has not alleged that the foreclosure was conducted for any other purpose other than securing the debt. In the absence of such allegations, Plaintiff has failed to state a claim for wrongful foreclosure under Alabama law.

### E. Plaintiff's Claim for Breach of Implied Covenant of Good Faith and Fair Dealing is Not Cognizable Under Alabama Law

Although Plaintiff is correct to note that parties to a contract have an implied obligation to act with good faith, "Alabama law does not recognize claims for breach of the implied

9

covenant of good faith and fair dealing outside the insurance policy context." *Wallace*, 974 F. Supp. 2d at 1368; *see also Lake Martin/Alabama Power Licensee Ass'n, Inc. v. Ala. Power Co., Inc.*, 601 So.2d 942, 944 (Ala.1992) (quoting *Tanner v. Church's Fried Chicken, Inc.*, 582 So.2d 449, 451 (Ala.1991)) ("We are not prepared to extend the tort of bad faith beyond the area of insurance policy cases."). Consequently, Plaintiff's claim is due to be dismissed as it is not a recognized cause of action within the context of this case.

### F. Plaintiff's Unjust Enrichment Claim is Due to be Dismissed

In Count Six, Plaintiff alleges "[b]y its wrongful acts and omissions, the foreclosing Defendants have been unjustly enriched at the expense of Plaintiff/Affiant and thus Plaintiff/Affiant have been unjustly deprived." (Doc. # 8 at ¶ 60). Unjust enrichment occurs when the "defendant holds money which, *in equity and good conscience*, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud." *Dickinson v. Cosmos Broad. Co.*, 782 So. 2d 260, 266 (Ala. 2000) (emphasis in original). More specifically, retention of a benefit is unjust if:

> "(1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misreliance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched."

*Fed. Home Loan Mortg. Corp. v. Anchrum*, 2015 WL 2452775, at *5 (N.D. Ala. May 22, 2015) (quoting *Welch v. Montgomery Eye Physicians, P.C.*, 891 So. 2d 837, 843 (Ala. 2004)).

The court finds that Plaintiff has not pleaded a plausible claim for unjust enrichment. Plaintiff has not identified how Defendant has been unjustly enriched or what form the unjust enrichment took. Throughout the Amended Complaint, Plaintiff refers to Defendant as a mortgage servicer. *(See* Doc. # 8 at ¶ 21). A mortgage servicer is entitled to collect loan

payments from borrowers and then distribute those payments to the party that retained its services, presumably the party that owns the mortgage. Because Plaintiff has not alleged that Defendant wrongfully retained any of her loan payments or any profits from the foreclosure sale, the court fails to see how Defendant could have been unjustly enriched. As such, Plaintiff's unjust enrichment claim is implausible and must be dismissed.

### G. Plaintiff's Claim to Void or Cancel Trustee's Deed Upon Sale is Due to be Dismissed

Plaintiff claims that although the "trustee's deed upon sale appears valid on its face, it is invalid, and of no force and effect" in conducting a foreclosure sale "due to the wrongful and improper assignment to the foreclosing Defendants." (Doc. # 8 at ¶ 62). This allegation is insufficient to survive Defendant's Motion to Dismiss because it amounts to nothing more than a "naked assertion devoid of further factual enhancement." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 662. As currently stated, the court is unable to draw a reasonable inference from the Amended Complaint that any assignment made to Defendant was invalid. The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). Because Plaintiff does not plausibly suggest that the assignment made to Defendant (and by extension, the deed of trust) was invalid, her claim to void or cancel the trustee's deed upon sale must be dismissed.

### H. Plaintiff Fails to State a Claim to Quiet Title or for Preliminary and Permanent Injunctive Relief

Alabama Code Section 6-6-540 (1975) provides that any person "in peaceable possession of lands [and] …claiming to own the same…[whose] title thereto, or any part thereof,

is…disputed…may commence an action to settle the title to such land and to clear up all doubts or disputes concerning the same." *See also Orton v. Matthews*, 2013 WL 5890167, at *2 (N.D. Ala. Nov. 1, 2013). In order to sufficiently plead a quiet title action, a plaintiff must allege that he or she "is in peaceable possession of the land, either actual or constructive, at the time of the filing of the bill and that there was no suit pending to test the validity of the title." *Id*. (quoting *Woodland Grove Baptist Church v. Woodland Grove Community Cemetery Association, Inc.*, 947 So. 2d 1031, 1036 (Ala.2006)). Here again, Plaintiff's Amended Complaint is devoid of any factual allegations that support a cause of action. She has not alleged that she is in peaceable possession of her property or whether there are any other pending actions concerning her land. Due to these pleading failures, Plaintiff's claim to quiet title must be dismissed. *Id*. at 3-4 (dismissing quiet title claim for failure to plausibly plead the same elements).

Plaintiff also titles Count Eight as a claim for Preliminary and Permanent Injunctive Relief. She requests that "the Title Defendants, their agents and assigns, be forever enjoined from asserting any estate, right title or interest in the Subject Property subject to Plaintiff/Affiant' rights." (Doc. # 8 at ¶ 66). Again, Plaintiff has failed to plead any of the essential elements for injunctive relief.[4] As a result, Count Eight is due to be dismissed.

## IV. Conclusion

For the reasons explained above, Defendant's Motion to Dismiss (Doc. # 9) is due to be granted. An Order consistent with this Memorandum Opinion will be entered.

---

[4] To state a claim for a preliminary injunction, a plaintiff must plead the following elements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018). Similarly, to obtain a permanent injunction, a plaintiff must show "(1) that he has suffered an irreparable injury; (2) that his remedies at law are inadequate; (3) that the balance of hardships weighs in his favor; and (4) that a permanent injunction would not disserve the public interest." *Barrett v. Walker Cty. Sch. Dist.*, 872 F.3d 1209, 1229 (11th Cir. 2017). Plaintiff has failed to state any claim for injunctive relief.

**DONE** and **ORDERED** this December 10, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE